UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA L. BAKER<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil No. 23-2013 (CKK) |

**MEMORANDUM OPINION**
(July 26, 2024)

Plaintiff Patricia Baker, proceeding *pro se*, filed a Complaint against Defendant Google LLC ("Google"), seeking $2,500,000 after Defendant disabled her Google account due to the presence of Child Sexual Abuse Material ("CSAM"). Plaintiff asserts that Defendant is liable for breach of contract, fraud, violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution, and intentional infliction of emotional distress. Now pending before the Court is Defendant's [8] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the pleadings, the attachments thereto,[1] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Defendant's [8] Motion to Dismiss and shall **DISMISS** this case without prejudice.

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint ("Compl."), ECF No. 1-2;
- Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 8;
- Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 10; and
- Defendant's Reply Memorandum in Support of Defendant Google LLC's Motion to Dismiss ("Def.'s Reply"), ECF No. 11.

1

## I. BACKGROUND

For the purposes of the Motion before the Court, the Court accepts as true the allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  Plaintiff proceeds in this matter *pro se*.  Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008).  Additionally, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's briefs filed in response to the Motions to Dismiss.  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss.") (quoting *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT&T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) (JEB) ("The Court, as it must in a case brought by a *pro se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss.").  The Court recites only the background necessary for the Court's resolution of the pending Motion to Dismiss.

Plaintiff was denied access to her Google account, patricia.baker500@gmail.com, in or around March 2023.  Compl. at 2, 8.  Plaintiff received a notification explaining why Defendant disabled her account.  *See id.* at 8.  This notification stated: "It looks like this account has content that involves a child being sexually abused or exploited.  This is a severe violation of Google's policies and might be illegal."  *Id.*  Plaintiff denied having any CSAM and appealed Defendant's decision to disable her account through Defendant's internal appeal process.  *See id.* at 6, 9–11.

Her appeal was forwarded to Google's video-hosting service, YouTube, which reviewed her appeal and confirmed that her account violated Defendant's Community Guidelines.  Def.'s Mot. at 3; Compl. at 10–1.  Defendant therefore denied her appeal and the termination of Plaintiff's Google account—including her associated Gmail and YouTube accounts—was upheld.  *See* Def.'s Mot. at 3.  Plaintiff has since been permanently denied access to her Google account.  *See* Compl. at 11; *see also* Pl.'s Opp'n at 2.

Plaintiff then retained counsel through a service LegalShield, who wrote a letter on her behalf to Defendant asking them to provide her with the details of her alleged violation as well as provide her with access to the contents of her account to migrate the information elsewhere.  Compl. at 6–7; *see* Pl.'s Opp'n at 2.  Plaintiff has indicated that she cannot afford full representation, *id.*, and she therefore proceeds *pro se* in this matter.

Plaintiff filed a Complaint in District of Columbia Superior Court on June 16, 2023.  Compl. at 2.  Plaintiff alleges that Defendant is liable for breach of contract; fraud; violations of the First, Fifth, and Fourteenth Amendments; and intentional infliction of emotional distress; *id.*; she requests $2,500,000 in damages.  *Id.* at 12.  Defendant removed the Complaint to this Court pursuant to 28 U.S.C. §§ 1331 and 1332.  *See* Notice of Removal ¶¶ 9, 14, ECF No. 1.  Defendant then filed a [8] Motion to Dismiss on July 20, 2023, in which it argues that Plaintiff's pleadings fail to satisfy Federal Rule of Civil Procedure 8 and 12(b)(6) and, additionally, that Plaintiff's Complaint is barred by Section 230 of the Communications Decency Act.  *See generally* Def.'s Mot.  This Motion is now ripe for the Court's review.

## II. LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A]

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true the well-pleaded allegations in the operative complaint, but "not ... the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls*, 758 F.3d at 315. The Court may consider not only "the facts alleged in the complaint" but also "documents attached to the complaint as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (RBW) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but still they must satisfy the minimal requirement of alleging sufficient "factual matter" to permit a court "to infer more than the mere possibility of misconduct," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (quoting *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (internal quotation marks omitted)). When considering a motion to dismiss, a court should read the *pro se* filings collectively. *See Brown*, 789 F.3d at 152 ("[A] district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings

4

responsive to a motion to dismiss.") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

## III. DISCUSSION

Defendant presents several arguments in support of its Motion to Dismiss. *See generally* Def.'s Mot. Defendant argues that Plaintiff's claims are barred by Section 230 of the Communications Decency Act; Plaintiff's Complaint fails to satisfy Rule 8's pleading requirements; and Plaintiff failed to plead sufficient factual matter to render any of her claims plausible. *Id.* at 1–2; *see generally* Def.'s Reply. The Court holds that Plaintiff's Complaint fails to meet the requirements set out by Federal Rules of Civil Procedure 8 and fails to state claims upon which relief can be granted under Rule 12(b)(6) and, therefore, that Plaintiff's Complaint shall be dismissed without prejudice. In light of this conclusion, the Court need not address whether Section 230 of the Communications Decency Act bars Plaintiff's Complaint

### A. Federal Rule of Civil Procedure 8

Defendant argues that Plaintiff's Complaint fails to satisfy basic pleading requirements in support of her claims for breach of contract, fraud, constitutional violations, and intentional infliction of emotional distress. Def.'s Mot. at 2, 8–9. The Court agrees.

While *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* litigants must nevertheless comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (JGP); *see also Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (KBJ) ("procedural rules must be followed [], and district courts have discretion to dismiss a pro se plaintiff's complaint sua sponte for non-compliance"). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement

5

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Iqbal,* 556 U.S. at 678–79; *Ciralsky v. CIA* 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)  (JJS).

Although Rule 8 does not expect "detailed factual allegations," it does require enough factual information "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 544, and to "permit[] the court to infer more than the mere possibility of misconduct," *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (citation and internal quotations omitted).  Courts in this jurisdiction have routinely found that "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (RCL) (internal quotation marks omitted); *see also Allen v. Mosseri*, No. 1:22-cv-01366, 2022 WL 7182145, at *1 (D.D.C. 2022) (DLF) (dismissing case because complaint "consists of a random collection of statements without clarity or particularity"); *Srulock-Zindler v. Zindler*, No. 1:18-cv-01342, 2018 WL 11670246, at *1 (D.D.C. 2018) (RC) (dismissing case because complaint "fails to make out a discernable claim"); *Ferrell v. Fudge*, No. 21-01412, 2023 WL 2043148, at *7 (D.D.C. 2023) (CKK) (dismissing case because complaint "relies mostly on, at best, boilerplate allegations . . . with insinuations of a conspiracy").  The Court notes that "[w]hile such a *pro se* litigant must of course be given fair and equal treatment, [s]he cannot generally be permitted to shift the burden of litigating h[er] case to the courts[.]"  *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983); *see also Roman v. National Reconnaissance Off.*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013) (EGS) ("[A]

*pro se* complaint must still meet the requirements of Fed. R. Civ. P. 8(a) to survive a Rule 12(b)(6) motion to dismiss.").

Plaintiff asserts some facts but relies primarily on conclusory allegations with insinuations of a conspiracy orchestrated against her by Defendant. *See, e.g.*, Compl. at 1–2; Pl.'s Opp'n at 3–4. Plaintiff alleges that "Google, LLC falsely accused her of having content in [her account] that supposedly involves a child being sexually abused or exploited," *id.* at 1, but does not expound upon this claim. She speculates that others, including Google, may be to blame for the CSAM; for example, she claims that "Defendant Google, LLC may have developed the illicit CSAM," *id.* at 1–2, that "[i]f the CSAM material really exists, Plaintiff states Defendant or a hacker developed it," *id.* at 4, and later that "Plaintiff believes Defendant (could have) induced or contributed to the development of this ugly material," *id.* at 3. Plaintiff asserts that "she is innocent of any wrongdoing" and that Google has "deprived Plaintiff other [sic] gmail account for no proven reason." *Id.* at 5. Plaintiff also includes information about various hardships she has experienced, including the loss of family members, but fails to connect them to her allegations against Defendant other than that "Plaintiff has to now deal with all of this mess" in addition to her existing hardships. *Id.* at 6. Finally, Plaintiff contends that she "has provided this Court with tangible facts of what Defendant Google LLC did to her – they took her gmail account away from her without proper notice, and without any proof of what is alleged." *Id.* She demands $2.5 million in compensation. Compl. at 12.

The Court finds that Plaintiff's bare assertions fail to "give fair notice of the claim[s] being asserted so as to permit [Defendant] the opportunity to . . . prepare an adequate defense." *Brown*, 75 F.R.D. 497 at 498. Although the Court sympathizes with Plaintiff's situation, her filings provide only a "confused and rambling narrative," *Cheeks*, 71 F. Supp. 3d at 163, with

allegations of a conspiracy, *Ferrell*, 2023 WL 2043148, at *7, and a demand for millions of dollars in damages for claims that the Court cannot say rise above a "speculative level" or "mere possibility." Accordingly, the Court finds that Plaintiff has failed to fail to meet the requirements of Federal Rule of Civil Procedure 8.

### B.  Rule 12(b)(6) Failure to State a Claim

While Plaintiff's failure to meet Rule 8's pleading standard is sufficient for the Court to dismiss her claims, the Court will also briefly address Defendant's argument that Plaintiff fails to state a plausible claim for relief. *See* Def.'s Mot. at 13–14; Def.'s Reply at 5–8. The Court shall now address each of Plaintiff's claims in turn.

#### a.  Breach of Contract

Plaintiff argues that Defendant breached a contract allegedly created through Google's "Service Agreement" by disabling her Google account. *See* Compl. at 1; Pl.'s Opp'n at 4. But Plaintiff does not allege any facts indicating that Defendant was contractually prohibited from removing her Google account. *See generally* Compl.; Pl,'s Opp'n. Plaintiff only makes the conclusory statement that "Defendant breached their contract with Plaintiff by not allowing her to have access to her site." *See id.* at 4. However, as Defendant points out, "[t]he applicable terms of service are the Google Terms of Service… and the YouTube Terms of Service," and "[n]othing in these Terms of Service guarantees Plaintiff access to her Gmail account." Def.'s Reply at 5; *see also id.* Ex. 1 (Google's Terms of Service); Ex. 2 (YouTube Terms of Service). Furthermore, the Terms of Service specifically provide that Google can remove a user's content and suspend or terminate access to their Google services for a variety of reasons, including if the

8

user's conduct is illegal or harmful.  *See* Ex. 1 at 13; Ex. 2 at 12.  Accordingly, the Court finds that Plaintiff's breach of contract claim fails to state a claim upon which relief can be granted.

## b. Fraud

Plaintiff also claims that Defendant is liable for fraud. *See* Compl. at 1.  In order to establish a *prima facie* case of fraud under California law,[2] Plaintiff must allege that there has been: (a) misrepresentation; (b) knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage.  *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996).  To survive a motion to dismiss, a plaintiff need not make out a *prima facie* case of discrimination. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000).  However, a plaintiff must still allege "facts that, if true, would establish the elements of each claim," *Greer v. Bd. of Trs. of Univ. of the D.C.*, 113 F. Supp. 3d 297, 310 (D.D.C. 2015) (TSC), and, therefore, "the Court may explore the plaintiff's prima facie case at the dismissal stage to determine whether the plaintiff can ever meet [her] initial burden to establish a prima facie case," *Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 5 (D.D.C. 2011) (RLW) (citation omitted).

Plaintiff argues that "Defendant Google is guilty of fraud because they have deprived Plaintiff other [sic] gmail account for no proven reason," and that "[t]heir assertions are false, thereby fraudulent.  A literally true statement that creates a false impression can be actionable in fraud."  Pl.'s Opp'n at 5.  Beyond these conclusory statements, Plaintiff offers nothing to support the elements of fraud—i.e., nothing to suggest that Google intended to defraud her, that she

---

[2] The relationship between Plaintiff and Defendant is governed by Google's Terms of Service, and these terms lay out that "California law [] govern[] all disputes arising out of or relating to these terms, service-specific additional terms, or any related services."  *See* Def's Reply Ex. 1 at 13.  Accordingly, the Court shall apply California state law. *See Milanovich v. Costa Crociere, S.P.A.*, 954 F.2d 763, 767 (D.C. Cir. 1992) ("Under American law, contractual choice-of-law provisions are usually honored.").

relied on any potential misrepresentations made by Defendant, or that any such reliance resulted in damage. Therefore, the Court finds that Plaintiff has failed to state a claim for fraud upon which relief can be granted.

### c. Constitutional Violations

Plaintiff's next claim is that Defendant violated her Constitutional rights under the First, Fifth, and Fourteenth Amendments. *See* Compl. at 1. Specifically, she alleges that Google has "in effect denied Plaintiff the ability to plead the 'fifth' if she were guilty of any wrong doing here – which she is not," and that Google has "denied her the right to life, liberty, and happiness" under the First and Fourteenth Amendments. Pl.'s Opp'n at 5. She additionally claims that Defendant violated her Due Process rights. *Id.*

It is well-established that these constitutional rights "are protected only against infringements by governments." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978)); *see also Hudgens v. NLRB*, 424 U.S. 507, 513 (1976) ("[T]he constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state."); *Flagg Bros.*, 438 U.S. at 157 ("[O]nly a State or a private person whose action may be fairly treated as that of the State itself may deprive him of an interest encompassed within the Fourteenth Amendment's protection[.]") (citations and internal quotation marks omitted); *see Anderson v. USAir, Inc.*, 818 F.2d 49, 56 (D.C. Cir. 1987) ("[Appellant's] Fifth Amendment claim fails because [the] private corporation [] is not a state actor."). Here, Defendant Google is a private business, not a state actor,[3] *Freedom Watch, Inc. v. Google, Inc.*,

---

[3] Plaintiff states that "the Corporation Service company is their registred [sic] agent for DC." Compl. at 3. To the extent that Plaintiff intended to allege that Google was a state actor, this argument is insufficiently pled and fails.

368 F. Supp. 3d 30, 40 (D.D.C. 2019) (TNM) (finding Google is private business), *aff'd*, 818 F. App'x 497 (D.C. Cir. 2020), and therefore cannot be held liable for the constitutional violations that Plaintiff asserts. Accordingly, Plaintiff's claims under the First, Fifth, and Fourteenth Amendments likewise fail.

### d. Intentional Infliction of Emotional Distress

Finally, Plaintiff claims that Defendant is liable for intentional infliction of emotional distress. *See* Compl. at 2; Pl.'s Opp'n at 5–6. Under California law, "[a] cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (cleaned up).

The Court finds that Plaintiff has not alleged sufficient facts to meet the standard for "severe or extreme emotional distress." There is a "high bar" for severe and extreme emotional distress, requiring the distress to have "such substantial quality or enduring quality that no reasonable [person] . . . should be expected to endure it." *Id.* Plaintiff has indicated that "[b]eing accused of being involved in activity involving a child being hurt or abused is very disturbing and upsetting;" she also alleges that she has suffered "stress," "experience[d] pain," and that this has been "frustrating." Pl.'s Opp'n at 6. Plaintiff's experience of being very disturbed, upset, and frustrated is similar to the suffering experienced by the plaintiff in *Hughes v. Pair*, which the Supreme Court of California deemed to be insufficient to reach the level of severe emotional distress. *See Hughes*, 209 P.3d at 976–77 (plaintiff complained of "discomfort, worry, anxiety, upset stomach, concern, and agitation"); *see also* Def.'s Reply at 11 ("It was neither extreme nor

outrageous for Google to terminate Plaintiff's account and privately inform her of its action and reasons for doing so."). Additionally, the hardships that Plaintiff discusses are mostly unrelated to her incident with Defendant, although she indicates that she "has to now deal with all of this mess concerning being falsely accused of having… (CSAM)" in addition to her existing hardships. *See* Pl.'s Opp'n 6 (mentioning the death of relatives and her daughter's health conditions). Plaintiff has also not alleged any facts indicating that Defendant intended to cause her any distress. The Court finds that Plaintiff has not sufficiently pled facts required to state a plausible claim for intentional infliction of emotional distress.

*   *   *

In sum, the Court finds that Plaintiff has failed to satisfy the pleading requirements under Federal Rule of Civil Procedure 8 and, additionally, has failed to state claims upon which relief can be granted under Rule 12(b)(6). Accordingly, the Court need not address whether Section 230 of the Communications Decency Act bars Plaintiff's Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's [8] Motion to Dismiss and dismisses this matter without prejudice. An appropriate order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge